# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

MARIO SANTAMARIA,

    Petitioner,

vs.

JIM MCKINNEY,

    Respondent.

No. C15-3136-MWB

ORDER

This matter is before the court on the petitioner's application for writ of habeas corpus, application to proceed in forma pauperis and certificate of inmate account (Doc. No. 1). The clerk's office filed those documents on July 27, 2015. The petitioner did not pay the required filing fee. *See* 28 U.S.C. § 1914.

Based on the record, the court concludes that the petitioner has sufficient funds to pay the required filing fee of $5.00. *See* 28 U.S.C. § 1914(a). Accordingly, the petitioner's application to proceed in forma pauperis shall be **denied**. The petitioner will be required to submit a filing fee in the amount of $5.00 to the Clerk by no later than **September 7, 2015**. If the court does not receive payment by that date, the instant action will be dismissed without further notice. *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a party either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). If necessary, the petitioner may request in a written motion an extension of time to pay the filing fee.

Further, a cursory review of the petitioner's application for writ of habeas corpus indicates that it may be untimely. State court records indicate (1) the petitioner's first post-conviction relief proceeding concluded on March 21, 2013, *see Santamaria v. State*, PCCV150394 (Woodbury Cnty. Dist. Ct. 2013),[1] (2) the petitioner did not file an appeal after the Iowa District Court for Woodbury County entered an order of disposition regarding the petitioner's first post-conviction relief action, *see id.*,[2] (3) the petitioner filed his second post-conviction action on April 10, 2014, *see Santamaria v. State*, PCCV159814 (Woodbury Cnty. Dist. Ct. 2014), (4) the Iowa District Court for Woodbury County entered an order of disposition regarding the petitioner's second post-conviction action on June 23, 2014, *see id.*, (5) appellate proceedings concluded on July 13, 2015, *see id.*,[3] and (6) the petitioner filed the instant action on or about July 27, 2015, *see Sulik v. Taney Cnty.*, 316 F.3d 813, 815 (8th Cir. 2003) (discussing prison mailbox rule). Even if the court assumes that the petitioner's second post-conviction action was properly filed, *see* 28 U.S.C. § 2244(d)(2) (stating that the time during which a properly filed application for post-conviction relief is pending shall not be counted toward the period of limitation); *see also Wemark v. Iowa*, 322 F.3d 1018, 1022 (8th Cir. 2003) (stating that "Iowa law requires post-conviction applicants to raise all available grounds for relief in their original, supplemental, or amended applications" (quoting Iowa Code § 822.8 (1994))); *Beery v. Ault*, 312 F.3d 948, 950-51 (8th Cir. 2002) (explaining that a "properly filed" application

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[2] Under Iowa law, appeals must be taken within thirty days of the final judgment. *See* Iowa R. App. P. 6.101; *State v. Braun*, 460 N.W.2d 454, 455 (Iowa 1990); *State v. Raim*, 381 N.W.2d 635, 636 n.1 (Iowa 1986).

[3] In the event that an appeal is timely filed, the date procedendo issues determines when a conviction is final under Iowa law; an appeal becomes final on the date procedendo is issued. Iowa Code § 822.3; *Dible v. State*, 557 N.W.2d 881, 883 (Iowa 1996); *Smith v. State*, 542 N.W.2d 853, 853-54 (Iowa 1995).

is one that meets all of the State's procedural requirements); *Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (discussing application of 28 U.S.C. § 2244(d)(2)), it is at least debatable whether the applicable statute of limitation has run.

Nonetheless, the Clerk will be directed to send a copy of the application for writ of habeas corpus by certified mail to the respondent and to the Iowa Attorney General in accordance with Rule 4, Rules Governing Section 2254 Cases. Unless this action is dismissed for failure to pay the required filing fee, the respondent shall file an answer or dispositive motion to the application for a writ of habeas corpus in accordance with Rule 5, Rules Governing Section 2254 Cases, by no later than **October 5, 2015**.

**IT IS THEREFORE ORDERED**:

(1) The petitioner's application to proceed in forma pauperis is **denied**.

(2) The petitioner is directed to submit the $5.00 filing fee by no later than **September 7, 2015**. If the court does not receive payment by this deadline, this case will be dismissed without further notice. If necessary, the petitioner may request in a written motion an extension of time to pay the filing fee.

(3) The Clerk shall send a copy of the application for a writ of habeas corpus by certified mail to the respondent and the Iowa Attorney General in accordance with Rule 4, Rules Governing Section 2254 Cases. Unless this action is dismissed for failure to pay the required filing fee, the respondent is directed to file an answer or dispositive motion to the application for writ of habeas corpus in accordance with Rule 5, Rules Governing Section 2254 Cases, by no later than **October 5, 2015.**

**IT IS SO ORDERED.**

**DATED** this 17th day of August, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE